219 So.2d 51 (1969)
Janice Marie HILL, As Administratrix of the Estate of Menda Marie Hill, Deceased, Appellant,
v.
COLONIAL ENTERPRISES, INC., a Corporation, and William Alfred Sadler, Appellees.
No. 1936.
District Court of Appeal of Florida. Fourth District.
February 10, 1969.
Rehearing Denied March 10, 1969.
*52 S. Victor Tipton and Charles J. Cullom, Orlando, for appellant.
John L. Sewell, of Gurney, Gurney & Handley, Orlando, for appellees.
REED, Judge.
Janice Marie Hill appeals from a summary final judgment entered by the Circuit Court for Osceola County, Florida, in an action at law brought by her as administratrix of the estate of her deceased mother, Menda Marie Hill. The action was brought against the appellees, Colonial Enterprises, Inc. and William Alfred Sadler, under the authority of Section 45.11, F.S. 1963, F.S.A., and sought recovery from the defendants for alleged injuries to Menda Marie Hill as a result of a motor vehicle collision on or about 9 May 1960 involving an automobile driven by Menda Marie Hill and an automobile driven by the defendant William Alfred Sadler and owned by the defendant Colonial Enterprises, Inc.
This unfortunate accident which took the life of Menda Marie Hill gave rise to an earlier wrongful death action filed in the same court by Perdie Hill, her widower, against the same defendants. A final judgment consequent on a jury verdict, was entered in the wrongful death suit in favor of the defendants, appellees here. This judgment was entered prior to the filing of the administratrix's suit which gives rise to the present appeal.
The motion for summary judgment filed by the defendants incorporates a copy of the final judgment in the wrongful death action. The apparent basis on which the trial court granted the motion for summary judgment was a conclusion that the judgment in the wrongful death suit estopped Janice Marie Hill as administratrix of the estate of Menda Marie Hill from litigating the liability of the defendants for the accident which caused the death of Menda Marie Hill. The correctness of that conclusion is the point presented by this appeal.
The general rule is that all who are neither parties to a judgment nor privies to such parties are wholly free from the estoppel of the judgment. McGregor v. Provident Trust Co. of Philadelphia, 1935, 119 Fla. 718, 162 So. 323, and authorities cited therein.
Exceptions have been made to the general rule in connection with wrongful death suits. One of these exceptions holds that where the deceased person himself was held to have had no cause of action on account of the accident which brought an end to his life, his survivors have no cause of action under the wrongful death statute or the survival statute. Collins v. Hall, 1935, 117 Fla. 282, 283, 157 So. 646, 99 A.L.R. 1086. Another exception to the general rule is stated in the case of Epps v. Railway Express Agency, Inc., Fla. 1949, *53 40 So.2d 131. At page 132 of the opinion, the court said:
"The question on the appeal is whether the adverse final judgment entered in the prior suit brought under the wrongful death statute by the widow operated as an estoppel by judgment and barred recovery in the subsequent suit by the the personal representative of decedent, instituted under the survival of action statute, where both suits were based on the same act of negligence of the defendant and where the benefits of favorable judgments in both suits would inure to the same parties, namely, the widow and the minor son of the decedent." (Emphasis added.)
There the court held that the widow was estopped by the adverse judgment in the wrongful death suit from maintaining a suit in her capacity as administratrix against the same party based on the same accident. Essential to the Epps case, as we understand it, was an assumption that those persons beneficially interested in both suits were the same. It was on the basis of this assumption that the court held the plaintiff in the personal representative's survival action was estopped by the prior judgment in the wrongful death suit. The same rationale was applied in Rehe v. Airport U-Drive, Fla. 1953, 63 So.2d 66, 67. There the court held that a father who brought a wrongful death suit because of the death of his son was barred by an adverse judgment in that suit from bringing a second suit in his capacity as administrator of his son's estate. The court expressly stated, "* * * [i]n either event the same parties would have been the beneficiaries of any amount recovered." (Emphasis added.)
Our case does not involve a situation, as in Collins v. Hall, where the deceased person during his lifetime was adjudicated to be without a cause of action. Nor does it involve a situation where those beneficially interested in the first suit are the same as those beneficially interested in the second suit. It appears from the deposition of the plaintiff, Janice Marie Hill, that she was over twenty-one years of age at the time the judgment was entered against her father in his wrongful death suit. She, therefore, could not be considered a beneficiary of the judgment in the father's wrongful death suit, but she is beneficially interested in the present suit. The record before us reveals that Menda Marie Hill left two other children who are minors. In view of Perdie Hill's legal obligation to support these children, it is difficult to conclude that they were beneficiaries under his wrongful death suit, although as heirs of their mother, they have a beneficial interest in the survival action.
The problem which is created by an extension of the doctrine of the Epps and Rehe cases to an essentially different fact situation involves a denial of due process to the persons interested in the second litigation. Where one is held to be concluded by the results in a suit to which he was neither a party nor in privity with a party, that person is denied an opportunity to have his claim heard. This in our judgment is a denial of procedural due process. Cf. Youngblood v. Taylor, Fla. 1956, 89 So.2d 503.
We conclude that the general rule enunciated in McGregor v. Provident Trust Co. of Philadelphia, supra, should control the facts of the present case and hold that the judgment in Perdie Hill's wrongful death suit does not estop the appellant from litigating the personal representative's claim under the survival statute, Section 45.11, F.S. 1963 (now Section 46.021, F.S. 1967, F.S.A.).
For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded for further proceedings.
CROSS, J., and WADE, CHARLES A., Associate Judge, concur.