ADKINS, Justice.
Certiorari was granted in this cause to review the decision of the District Court of Appeal, Fourth District, (219 So.2d 51) on grounds of direct conflict with the opinion of this Court in Epps v. Railway Express Agency, Inc., 40 So.2d 131 (Fla. 1949).
Perdie Hill, the widower of Menda Marie Hill, sued under authority of Fla. Stat., § 768.02, F.S.A., for the wrongful death of his wife in an automobile accident. This issue was resolved in the defendants’ favor by a jury verdict and final judgment was entered for defendants.
The action sub judice was brought under authority of Fla.Stat., § 45.11 (now Fla. Stat., § 46.021, F.S.A.), by the daughter of Menda Marie Hill as administratrix of her mother’s estate for alleged injuries to Menda Marie Hill in the same accident involved in the previous action brought by Perdie Hill. The daughter was over twenty-one years of age at the time the judgment was entered in the prior suit brought by her father as widower of the deceased.
The District Court distinguished Epps v. Railway Express Agency, Inc., supra, in the following language:
“There the court held that the widow was estopped by the adverse judgment in the wrongful death suit from maintaining a suit in her capacity as administratrix against the same party based on the same accident. Essential to the Epps case, as we understand it, was an assumption that those persons beneficially interested in both suits were the same. It was on the basis of this assumption that the court held the plaintiff in the personal representative’s survival action was estopped by the prior judgment in the wrongful death suit.”
The District Court correctly held that the judgment in the widower’s suit did not estop the daughter from litigating *482 the personal representative’s claim and we approve its opinion.
The writ of certiorari is, therefore,
Discharged.
ERVIN, C. J., and ROBERTS, DREW, and BOYD, JJ., concur.