247 So.2d 465 (1971)
Alfred Jeff DAIGNEAU, Appellant,
v.
The NATIONAL CASH REGISTER COMPANY, a Foreign Corporation, Authorized to Do Business in the State of Florida, and Harold L. Ory, Appellees.
No. 70-525.
District Court of Appeal of Florida, Fourth District.
March 26, 1971.
Rehearing Denied May 18, 1971.
Hubert R. Lindsey, of Farish & Farish, West Palm Beach, for appellant.
Lake Lytal, Jr., of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellees.
McDONALD, PARKER LEE, Associate Judge.
The appellant, plaintiff below, appeals from a judgment entered against him following a jury trial.
This action arose out of a motor vehicle collision which occurred in Louisiana involving *466 several vehicles and parties. The appellant was the driver of a truck owned by Lou E. Gilbert d/b/a Gilbert Express Lines.
The chief argument to this court is the claim that Mr. Daigneau should have been granted a Summary Judgment by the trial court inasmuch as his employer, Lou E. Gilbert, had been successful in obtaining a judgment against the same defendant in the Federal Court in the State of Louisiana. The record discloses that just a few days prior to the trial of this action, the District Judge of the Eastern District of Louisiana, New Orleans, in a consolidated action of three lawsuits did, in fact, enter judgment for Lou E. Gilbert and his insurance carrier and against the defendant, National Cash Register Company. Although the plaintiff in this action, Mr. Daigneau, was a witness in the Louisiana proceedings, he was not a party to any of those actions, choosing instead to file his individual action in the State of Florida.
The question presented to this court is whether or not a nonparty to an action tried in another state is entitled to affirmatively use the doctrine of estoppel by judgment. This court has recently held that a nonparty plaintiff cannot have the doctrine used against him (Hill v. Colonial Enterprises, Inc., Fla.App. 1969, 219 So.2d 51). The doctrine of estoppel by judgment was authorized for a plaintiff in the case of Shearn v. Orlando Funeral Home, Fla. 1956, 88 So.2d 591. In that opinion, the Court stated "`estoppel by judgment' comes into play when the parties are the same in both actions, but the causes of action are different, and the points and questions raised in the second suit were actually presented and adjudicated in the former suit."
Our examination of Louisiana law leads us to the conclusion that if the plaintiff was proceeding anew in Louisiana, he would not have had the benefit of the doctrine of estoppel by judgment (31 A.L.R.3d 1063; Shell Oil Company v. Texas Gas Transmission Corp., La. App. 1964, 176 So.2d 692; La. App. 1968, 210 So.2d 554; 1968, 252 La. 847, 214 So.2d 165; and Cauefield v. Fidelity and Casualty Company of New York, 5 Cir.1967, 378 F.2d 876, cert. den. 389 U.S. 1009, 88 S.Ct. 571, 19 L.Ed.2d 606. An interesting dialogue could ensue as to whether or not the utilization of the doctrine of estoppel by judgment is procedural or substantive. In this instance, the plaintiff is claiming a violation of a substantive right. If this is true, then the Louisiana authorities would be binding.
The appellant is asking the court to adopt the New York view, which is that all that is necessary to invoke the estoppel doctrine is the identity of issues and a fair opportunity to contest those issues (B.R. DeWitt, Inc. v. Hall, 1967, 19 N.Y.2d 141, 278 N.Y.S.2d 596, 225 N.E.2d 195; Schwartz v. Public Administrator of Co. of Bronx, 1969, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725). Although this definition has some attraction, it should not be utilized in this case.
The trial court was correct in declining to enter a Summary Judgment on the basis of the judgment entered by the plaintiff's employer in Louisiana.
The appellant also complains of the withdrawal of the Louisiana judgment from evidence by the trial judge after counsel for the defendant had stipulated it into evidence. The trial judge found, in effect, that the stipulation was not for evidentiary purposes, but to allow the plaintiff to protect the record. It was plainly within his discretion to remove the judgment from evidence and his duty to disallow its presentation to the jury.
The Judgment is affirmed.
CROSS, C.J., and REED, J., concur.