SMITH, Judge.
Mrs. Rader was hurt on an elevator at the Duval Medical Center in Jacksonville. *858 She sued the Duval County Hospital Authority for money damages, alleging its negligence in maintenance of the ^elevator, and the Authority in turn filed a third party complaint for indemnity against Otis Elevator Company, which serviced the elevator under contract with the Authority. Before trial the Authority paid Mrs. Rader $25,000 in settlement of her claim. This eliminated Mrs. Rader as a party in interest. The Authority and Otis went to trial on the third party complaint and Otis was exonerated. In a subsequent action Mrs. Rader now sues Otis for negligence in maintenance of the elevator. The trial court entered final summary judgment against her, holding:
“If the defendant [Otis] in this cause of action had a duty toward Mrs. Rader to maintain the elevator, said duty arose out of the contractual agreement with the original defendant Duval County Hospital Auhority. That issue was submitted to a jury in the form of the third party claim of Duval County Hospital Authority and this defendant [Otis] was found by that jury in the verdict to have no liability to the Duval County Hospital Authority and therefore no liability to Mrs. Rader.”
Mrs. Rader appeals the adverse adjudication.
In her prior action against the Authority, Mrs. Rader and Otis did not litigate as adversaries the issue of Otis’ liability to Mrs. Rader. Having withdrawn from the litigation with the Authority’s settlement in hand, Mrs. Rader was not even a party in interest at the time the Authority and Otis litigated the indemnity issues to a judgment. Mrs. Rader’s claim against Otis is therefore not barred on grounds of res judicata or estoppel by judgment. Those doctrines do not affect persons not parties or in privity with parties. Liberty Mutual Ins. Co. v. Curtiss, 327 So.2d 82 (Fla.App. 1st, 1976); Seaboard Coast Lina R.R. Co. v. Industrial Contr. Co., 260 So.2d 860 (Fla.App. 4th, 1972) ; Hill v. Colonial Enterprises, Inc., 219 So.2d 51 (Fla.App. 4th, 1969), cert. disch. 227 So.2d 481 (Fla.1969). See also 50 C.J.S. Judgments § 819 (1947); 46 Am.Jur.2d Judgments § 546 (1969); Restatement of Judgments §§ 82, 84 (1942). Under Rule 1.180, R.C.P., Mrs. Rader was permitted but not required to assert her claim against Otis after Otis was joined by the Authority’s third party claim. Until that Rule is amended to require, and not merely permit, the assertion of a plaintiff’s claim against a third party defendant which arises out of the transaction in issue between plaintiff and defendant, estoppel must be predicated on a judgment between adversaries, not merely on an opportunity to litigate.
The trial court did not predicate dismissal of Mrs. Rader’s claim on res ju-dicata or estoppel by judgment but rather on its determination that the prior judgment exonerating Otis of liability to the Authority eliminated an essential element of Mrs. Rader’s claim against Otis. Thus, the trial court reasoned that any duty owed by Otis to Mrs. Rader had its inception in Otis’ service contract with the Authority and that “this defendant was found . . . [by the verdict and judgment] to have no liability” to the Authority “and therefore no liability to Mrs. Rader.”
If this were a case in which an essential element of Mrs. Rader’s claim was Otis’ liability to the Authority, we would agree with the trial court’s reasoning. “Insofar as . . . rights or obligations [of parties] inter se are dependent upon their rights or obligations toward their common adversary, the judgment adjudicating the latter is conclusive . ...” 1 Freeman, Judgments § 425 at 922-23 (5th ed. 1925); Liberty Mutual Ins. Co. v. Curtiss, supra. But this is not such a case. It is not part of Mrs. Rader’s claim against Otis that Otis was liable to the Authority. The question of Otis’ liability to the Authority, *859 not the subservient issue of Otis’ negligence, is the only matter the prior judgment could conclude against one not an adversary.
Reversed.
BOYER, C. J., and RAWLS, J., concur.