352 So.2d 921 (1977)
ZURICH INSURANCE COMPANY, Memorial Park, Inc., and Edward Beckhans, Appellants,
v.
Clara BARTLETT, As Administratrix of the Estate of Julian Clarence Bartlett, Deceased, Appellee.
No. 77-110.
District Court of Appeal of Florida, Second District.
November 30, 1977.
Rehearing Denied December 28, 1977.
Charles S. Carrere of Harrison, Greene, Mann, Rowe, Stanton & Mastry, St. Petersburg, for appellants.
John L. McFadyen of Lloyd & Henninger, St. Petersburg, for appellee.
PER CURIAM.
Partial summary judgment on the issue of liability was rendered against appellants, defendants below, under the doctrine of estoppel by judgment. This interlocutory appeal ensued. We reverse.
Appellee's decedent, Julian Clarence Bartlett, and one Nadeau were riding on the bed of a truck owned by appellant Memorial Park, Inc. and driven by appellant Beckhans. An accident occurred in which Bartlett was killed and Nadeau seriously injured. Subsequently, Nadeau brought a negligence action against Memorial Park and Beckhans and joined appellant Zurich Insurance Company, Memorial's carrier. Judgment was rendered in favor of Nadeau and he was awarded substantial damages.
This wrongful death action arising out of the same accident was thereafter filed on behalf of the decedent Bartlett. Plaintiff/appellee moved for summary judgment on the issue of liability contending that the negligence of appellant Beckhans had been conclusively determined in the prior action. The trial court granted the motion holding:
"WHEREFORE, it is ordered that the partial summary judgment requested by plaintiff is granted to the effect that Edward Beckhans negligently operated the truck in which plaintiff's decedent was riding contributing to his death."
*922 The trial court misperceived the doctrine of estoppel by judgment.
Estoppel by judgment, simply stated, is a principle of law which recognizes within the concept of res judicata that once an identical, relevant issue as between the same parties has been decided by a prior valid judgment that issue can never again be retried between them. Here, the previously decided issue sought to be relied upon was the negligence of the driver Beckhans in the subject accident. That issue, however, was only decided as between appellants and Nadeau  not as between appellants and the decedent Bartlett's administratrix. The identity of parties, therefore, essential to application of the doctrine of estoppel by judgment, was not present here. See Seaboard Coast Line Railroad Company v. Cox, 338 So.2d 190 (Fla. 1976).
In view whereof the order appealed from should be and it is hereby reversed and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN, C.J., GRIMES, J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.