ANSTEAD, Judge.
This is an appeal from a final summary judgment barring the wrongful death claims of the appellants against the appel-lees, Foremost Insurance Company and Jan M. Sellers. We reverse.
The appellants filed a wrongful death action against the appellees, alleging that Jack L. Byrd, as owner and operator, and Clifford R. Sellers, as operator, were negligently responsible for an airplane crash which resulted in the death of Wilbur Crafts Pickett, Jr. The complaint further alleged that Foremost Insurance Company had liability insurance on the airplane which inured to the benefit of the appellants.
Prior to the filing of appellants’ action, Foremost had secured a final declaratory judgment in the United States District Court against the estate of Jack Byrd holding that Foremost had no liability coverage on the airplane in question. The appellants were neither parties to nor given notice of Foremost’s declaratory action. The declaratory judgment was entered after Foremost and the Byrd estate entered into a factual stipulation which controlled the outcome of the case.
When the wrongful death action was filed, Foremost moved for summary judgment, claiming collateral estoppel against the appellants by reason of the declaratory judgment. The motion was granted.[1]
Collateral estoppel requires that the issues and real parties in interest in both actions be identical. Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla.1977). In this case there was no identity of parties in the declaratory action and the wrongful death action. It is true that estoppel by judgment has previously been applied in situations where the actions were derivative. Seaboard Coast Line R. Co. v. Cox, 338 So.2d 190 (Fla.1976). However, we do not believe there is any identity of interest between the appellants, alleged third party beneficiaries of the Foremost policy and Foremost’s insured, the Byrd estate, that would collaterally estop appellants from litigating the issue of coverage. In this action the appellants and the Byrd estate are opposing parties. While it would appear to benefit both parties that insurance coverage apply, the declaratory judgment actually resulted from a stipulation of facts agreed to by the Byrd estate and Foremost. Clearly, the appellants are not bound by such stipulation or the resulting judgment.
For the reasons set out above the final summary judgments are reversed with directions for further proceedings consistent with this opinion.
The appellants’ motion for attorneys fees under Section 627.428, Florida Statutes (1975), is denied because third party beneficiaries of a liability policy are not entitled to fees. Roberts v. Carter, 350 So.2d 78 (Fla.1977).
DOWNEY, C. J., and SILVERTOOTH, LYNN N., Associate Judge, concur.

. Summary judgment was also rendered in favor of the Sellers estate on the basis that the liability of the estate was limited to the insurance coverage available. Since the trial court found no coverage by reason of the declaratory judgment the estate was granted a summary judgment. No timely claim was filed against the estate for any liability above that of insurance coverage. See § 733.16(1)(d), Fla.Stat. (1973).