389 So.2d 1084 (1980)
SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, Appellant,
v.
Jimmie ROBINSON, Appellee.
No. 80-1113.
District Court of Appeal of Florida, Third District.
November 4, 1980.
Shutts & Bowen and Susan L. Leventhal, Miami, for appellant.
Gershon S. Miller, Miami Beach, for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
A parked car owned by Suarez was damaged after a collision between vehicles operated by Jimmie Robinson and an employee of Southern Bell. Suarez sued Robinson and Southern Bell in the Dade County Court.[1] After trial, the county court judge found Robinson not liable, and Southern Bell "solely liable" to Suarez for the $572.00 in damages to his vehicle. Robinson thereafter brought the present action against *1085 Southern Bell in the Dade County Circuit Court to recover for personal injuries he allegedly sustained in the same accident. In the order now under review[2] the trial judge entered summary judgment on liability in favor of Robinson on the basis of the collateral estoppel effect of the county court judgment. We reverse.
It is a prerequisite to the application of the doctrine of collateral estoppel or estoppel by judgment[3] that the issue which is sought to be foreclosed by the result of earlier litigation has been decided in an action "between" the parties in the later case. Mobil Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla. 1977); Zurich Ins. Co. v. Bartlett, 352 So.2d 921, 922 (Fla.2d DCA 1977), cert. denied, 359 So.2d 1210 (Fla. 1978). This means, as the court said in Rader v. Otis Elevator Co., 327 So.2d 857, 858 (Fla. 1st DCA 1976), cert. denied, 336 So.2d 602 (Fla. 1976), that "estoppel must be predicated on a judgment between adversaries." [e.s.] It is obvious that this element did not exist under the facts of this case. While Robinson and Southern Bell were aligned together in the county court as adversaries of Suarez, they were in no sense adversaries of each other. Hence, we hold, in accordance with the overwhelming weight of authority on the identical question, that the outcome of the earlier case has no effect on the present one. Harper v. Hunt, 247 So.2d 192 (La. App. 1971) and Cook v. Kendrick, 16 Mich. App. 48, 167 N.W.2d 483 (1969) are precisely on point. See also, cases collected, Annot., Res Judicata-Codefendants, 24 A.L.R.3d 318, 360-64 (1969).
Reversed.
NOTES
[1] Robinson cross-claimed against Southern Bell but later dismissed the cross-claim without prejudice.
[2] Pursuant to Fla.R.App.P. 9.130(a)(3)(C)(iv).
[3] The terms are interchangeable. Gordon v. Gordon, 59 So.2d 40 (Fla. 1952), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952).