DANIEL S. PEARSON, Judge.
Stephen Gonzalez and United States Fidelity & Guaranty appeal from a summary judgment on liability granted in favor of Lawrence Gonzalez, the plaintiff below. The appellants contend that the trial court’s determination that Stephen was negligent and thus liable derives from an incorrect application of the doctrine of collateral es-toppel. We agree with this contention and reverse.
On February 17,1977, Lawrence Gonzalez was involved in an accident while riding in a car driven by his brother, Stephen Gonzalez. The car collided with a van owned by the United States and operated by a United States Marshal. Stephen and Lawrence Gonzalez as co-plaintiffs sued the United States Government in the United States District Court for the Southern District of Florida pursuant to the Federal Tort Claims Act, Title 28 U.S.C. Section 1346. The federal court held that the United States, through its employee, was not guilty of negligence which proximately caused the accident. The action was dismissed on the merits against the Gonzalezes. Lawrence Gonzalez then sued Stephen Gonzalez in state court for injuries arising from that accident. The trial court determined that Stephen Gonzalez was to some degree negligent and granted Lawrence’s motion for partial summary judgment. It arrived at this conclusion by deductively reasoning that since the record is clear and uncontra-dicted that Lawrence was not negligent and the accident was not unavoidable; and since the federal court finding collaterally estops Stephen from claiming that the driver of the Government van was negligent; ergo, Stephen was negligent. The deduction, of course, is sound only if collateral estoppel applies.
In Florida, however, a party who asserts the doctrine of collateral estoppel *98 must show, inter alia, that the issue was fully litigated between the parties. Mobil Oil Corporation v. Shevin, 354 So.2d 372 (Fla.1977). As this court so recently and clearly stated in Southern Bell Telephone & Telegraph Company v. Robinson, 389 So.2d 1084, 1085 (Fla.3d DCA 1980):
“It is a prerequisite to the application of the doctrine of collateral estoppel or es-toppel by judgment that the issue which is sought to be foreclosed by the result of earlier litigation has been decided in an action ‘between’ the parties in the later case. Mobil Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla.1977); Zurich Ins. Co. v. Bartlett, 352 So.2d 921, 922 (Fla.2d DCA 1977), cert. denied, 359 So.2d 1210 (Fla.1978). This means, as the court said in Rader v. Otis Elevator Co., 327 So.2d 857, 858 (Fla. 1st DCA 1976), cert. denied, 336 So.2d 602 (Fla.1976), that ‘estoppel must be predicated on a judgment between adversaries.’ [emphasis in Southern Bell]. It is obvious that this element did not exist under the facts of this case. While Robinson and Southern Bell were aligned together in the county court as adversaries of Suarez, they were in no sense adversaries of each other. Hence, we hold, in accordance with the overwhelming weight of authority on the identical question, that the outcome of the earlier case has no effect on the present one. . .. ” (footnotes and concluding citations omitted).
Similarly, while Stephen and Lawrence were aligned in the federal court as adversaries of the United States Government, they were in no sense adversaries of each other. Therefore, as in Robinson, the outcome of the earlier litigation has no effect on the present case.[1]
We add two further comments. First, the argument made in the dissent that a party should not be able to controvert a judicially determined fact does not distinguish this case from Robinson, but, instead, is an argument to do away with the rule requiring that that fact be determined between adversaries. This we are bound not to do. Second, the dissenter is concerned that a refusal to apply the doctrine of collateral estoppel would permit the defendant to point to an “empty chair,” contend that the Government driver’s negligence caused the accident, and possibly obtain a result inconsistent with the result in the federal case. This, again, is simply an argument against the rule in Robinson. It is true that a verdict for Stephen will mean that Lawrence recovers from neither driver. While that may disturb the dissenter, we think that is a far better result than relieving Lawrence Gonzalez of the burden of now proving his brother’s negligence when Lawrence’s testimony in the federal lawsuit, obviously designed to further his and Stephen’s unsuccessful action against the Government, was that Stephen was totally free from fault.[2] If Lawrence has tears, they are those of the crocodile.[3] Reversed and remanded.

. We do not agree with the dissenter’s view that Diamond Shamrock Corporation v. Lumbermens Mutual Casualty Company, 416 F.2d 707 (7th Cir. 1969), is “persuasive authority for considering this case an exception to the general rule.” In that action, Fireman’s claimed that Lumbermens, not Fireman’s, was liable to Diamond (Fireman’s co-plaintiff). In contrast, Stephen Gonzalez claimed in the federal court that the defendant, United States, was liable to him and did not assert his non-liability to his co-plaintiff, Lawrence.

. Indeed, the present case may dramatically demonstrate the wisdom of the requirement that the parties be adversaries. Given Lawrence’s earlier testimony exculpating Stephen from negligence, had Lawrence been Stephen’s adversary, Stephen would likely have been found not liable to Lawrence.

. “A cruel crafty Crocodile,
Which in false grief hiding his harmful guile, Doth weep full sore, and sheddeth tender tears.”
E. Spenser, The Faerie Queene I, xviii (1590).