FERGUSON, Judge
(dissenting).
The majority refuses to apply collateral estoppel to the facts of this case, holding that the doctrine requires that there be a mutuality of parties in both actions,[4] and *99 further that the parties in both actions must be adversaries.[5] This seems to be the law in Florida as developed in the District Courts of Appeal. However, in this case the law has been mechanically misapplied and perfectly illustrates the proverbial collision of reason and an abstract rule. I dissent because I believe reason should prevail.
Both Stephen and Lawrence brought suit against the United States government in federal court. The federal court, after an extensive finding of facts held that as between the parties, Stephen and Lawrence as plaintiffs and the United States government as defendant, “the plaintiffs have failed to meet their burden of demonstrad ing by a greater weight of the evidence that [United States government] was guilty of negligence which caused the accident. ..[6]
The majority holds that the doctrine of collateral estoppel doesn’t apply and Stephen should be allowed to assert as a defense in the suit brought against him in the State court by Lawrence, that the negligence of Putnam, operator of the government vehicle, caused the accident — precisely *100 what has been judicially determined to the contrary in a court of competent jurisdiction where Stephen and the United States government were adversaries. The unreasonable conclusion that is now a distinct possibility is that Lawrence, who was injured while riding as a passenger in a vehicle operated by Stephen where the accident was the result of the negligence of either Stephen or Putnam as operator of the government vehicle, will not recover as against Stephen or the United States government. The majority is not troubled by the prospect of inconsistent judgments or the fact that the issue of government liability was fully litigated between adverse parties, but concludes it more important that Lawrence, for his presumed crocodilian motives in filing suit against the United States government in the first action, should take nothing by this second action.
The facts of those cases which gave rise to Florida’s rule that collateral estoppel may be asserted only by parties who were adversaries of each other in a prior action, upon careful analysis, are different from the facts of this case. The concern of those cases and the rationale for limiting the use of collateral estoppel to adverse parties is that fairness requires both parties in the second action be bound by the judgment adverse to the party who fully litigated the issue in a prior suit. See IB Moore’s Federal Practice, § 0.412[1] (1980 ed.); Parklane Hosiery Company v. Shore, supra at note 1, and Annotation at 58 L.Ed.2d 938. See also Annot., 31 A.L.R.3d, supra at note 1. The rule in Mobil Oil Corporation v. Shevin, 354 So.2d 372 (Fla.1977) as stated by the majority is that a party who asserts the doctrine of collateral estoppel must show that the issue was fully litigated between the parties. Both Lawrence and Stephen were parties in the prior suit, both were adverse to the United States government, both fully litigated the issue of government liability and, unlike the situation in the cases cited by the majority, both are bound by the judicial determination of non-liability of the government for the accident. (B and C sue A, held: A not negligent to B or C; B sues C asserting that C should be estopped from claiming that A was the cause of injury to B). Lawrence is bound by the judicial determination that the government is not liable for the accident. Stephen is bound by the judicial determination that the government is not liable for the accident. Federal court records will forever show that the government was not the proximate cause of either Lawrence’s or Stephen’s injuries. Yet, the rule of this case is that Lawrence alone is bound and that Stephen may claim in a court of competent jurisdiction that the government did cause Lawrence’s injuries.
No such rule emerges from the cases cited by the majority. In Southern Bell Telephone & Telegraph Company v. Robinson, 389 So.2d 1084 (Fla.3d DCA 1980), the plaintiff does not attempt to assert the determination of liability as between himself and a party who was adverse to himself and a co-plaintiff in a prior action. The plaintiff in Southern Bell, supra, could not on the grounds of estoppel assert that the liability of a prior co-defendant to a prior plaintiff proves liability of that co-defendant to himself. (B sues A and C obtaining judgment against C based on negligence, A sues C claiming damages arising from same acts of negligence, held: A may not assert that C’s liability to B conclusively proves C’s liability to A). Similarly in Zurich Insurance Company v. Bartlett, 352 So.2d 921 (Fla.2d DCA 1977), the party does not attempt to assert a prior determination of liability with respect to himself and a prior adverse party who was also adverse to the defendant in the second suit. (B sues A obtaining judgment that A is negligent, C sues A for damage arising from same act of negligence, held: C, a non-party to the prior action, may not assert A’s negligence to B as proof that A was negligent to C). In Rader v. Otis Elevator Company, 327 So.2d 857 (Fla. 1st DCA 1976), cert. denied, 336 So.2d 602 (Fla.1976), A sues B, B files third-party suit against C, B settles with A but proceeds with suit against C. In a second suit, A sues C, held: C may not assert A’s claim is barred by prior determination that C is not liable to B where C was not adverse to A in prior litigation and the issue of C’s duty to A was not actually litigated.
As a general rule parties to a judgment are not bound by it in a subsequent contro *101 versy between each other unless they were adversaries in the original action. The courts have recognized exceptions to the requirement for adversity. See Moore, supra at § 0.411[2]. One such exception is that where a finding of fact is made in the first suit which is an essential element in a claim or action subsequently brought by one former party against the other, estoppel will apply as to that finding of fact. National Bondholders Corp. v. Seaboard Citizens National Bank, 110 F.2d 138 (4th Cir. 1940); Livesay Industries, Inc. v. Livesay Window Company, 202 F.2d 378 (5th Cir. 1953), cert. denied, 346 U.S. 855, 74 S.Ct. 70, 98 L.Ed. 369 (1953).
The ruling in Diamond Shamrock Corp. v. Lumbermens Mutual Casualty Company, 416 F.2d 707 (7th Cir. 1969), is persuasive authority for considering this case an exception to the general rule. Diamond Shamrock, as an insured, and Fireman’s Mutual Insurance Company, joined as co-plaintiffs in a declaratory judgment action against Lumbermens Mutual Casualty Company. The issue was whether Diamond’s casualty loss was the result of a fire — in which case loss would fall on Fireman’s, or was a result of an explosion — in which case the loss would fall on Lumbermens. Lum-bermens contended that the determination of that issue would be only advisory and not dispositive of the controversy since Fireman’s and Diamond were non-adversary co-plaintiffs and an adjudication adverse to Lumbermens would not be binding to Fireman’s. The court disagreed holding that collateral estoppel would apply where a material fact or issue has been determined in a prior litigation between parties, even though the parties were not “arrayed as adversaries in the prior litigation.” [7]
By way of defense, Stephen Gonzalez has made the issue of the government’s liability an element of this case, an issue which was thoroughly litigated to a conclusion adverse to himself in the prior litigation. The exception to the adversity requirement fits even more comfortably on the facts of this case. The purpose of the collateral estoppel doctrine is to prevent relitigation of issues as between parties and to hasten the business of settling disputes. The hypertechni-cality which is espoused by the majority holding will tend to encourage gamesmanship, increase the likelihood of unfair result, and increase judicial labor.
It is not disputed that only Lawrence, Stephen, or the United States government could conceivably be responsible for the accident. The trial court concluded independently that Lawrence had met his burden of proving Stephen negligent because on the evidence before it (1) the accident was avoidable, (2) Lawrence did not contribute to his own injuries, and (3) as a matter of law previously determined, the United States government was not the proximate cause of Lawrence’s or Stephen’s damages.[8] Stephen having failed to raise any questions of fact or law as to his negligence, the court then determined necessarily that there was no material question of fact or law that Stephen was negligent. The trial court ordered the cause to proceed to trial on the issues of causation and damages only.
The application of a symmetrical formula is not going to automatically insure a proper ruling on estoppel pleas. In the end, the decision will necessarily rest on the trial court’s sense of justice and equity. Blonder-Tongue Laboratories, Inc., supra. I would affirm the ruling of the trial court as both reasonable and legally sound.

. The requirement has been much criticized and rejected by the federal courts and several other states. See footnote eight in Parkiane *99 Hosiery Company v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) citing Justice Traynor for a unanimous California supreme court in Bernhard v. Bank of America National Trust & Savings Association, 19 Cal.2d 807, 812, 122 P.2d 892, 895 (1942):
No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend.
For the federal rule, see Parklane Hosiery Company v. Shore, and Annot., 58 L.Ed.2d 938, supra, (permitting offensive use by plaintiff to bar defense); Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) (permitting defensive use by defendant not party to prior action). See also Bernhard v. Bank of American National Trust and Savings Association, supra, (Cal. rule permitting defensive use). For other states rejecting or retaining the mutuality requirement see Annot., 31 A.L.R.3d 1044 (1970). Florida has rejected the modem trend and has declined to eliminate the mutuality of estoppel requirement for either defensive or offensive use. See, e.g., Newport Division, Tenneco Chemicals, Inc. v. Thompson, 330 So.2d 826 (Fla. 1st DCA 1976). Florida courts have, however, recognized certain exceptions to the rigid application of its role that collateral estoppel lies only between parties who were adverse to each other in a prior action. These exceptions involve derivative actions where the right of a second party is controlled by a determination of liability or non-liability of the defendant to the primary party who is not a party to the second action. For example, a party suing for loss of consortium is bound by the judicial determination in the primary action as to the question of liability. Davis v. Asbell, 328 So.2d 204 (Fla. 1st DCA 1976). In a wrongful death action a determination of liability or non-liability of the defendant may be determinative in a subsequent and separate wrongful death action by the same beneficiary against the same defendant, Seaboard Coast Line Railroad v. Cox, 338 So.2d 190 (Fla.1976), and a determination of non-liability against the decedent is determinative of the beneficiary’s ability to bring the action. Epps v. Railway Express Agency, 40 So.2d 131 (Fla.1949); Collins v. Hall, 117 Fla. 282, 157 So. 646 (1934). Similarly, in an indemnity action, a prior judgment that a party was negligent will bar that party’s action for indemnity against a third party, not part of the original action. See Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979); Allstate Insurance Company v. A. D. H., Inc., 397 So.2d 928 (Fla.3d DCA 1981).

. My disagreement with the majority in this case is not with the requirement of mutuality which is a judge-made doctrine ordaining that unless both parties (or their privies) in a second action are bound by a judgment in a previous case, neither party (nor his privy) in the second action may use the prior judgment as determinative of an issue in the second action. Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, supra at note 1. My disagreement is with the majority’s application of the requirement of adverseness so as (1) to destroy mutuality by binding only one party to a prior judgment entered against both, and (2) to permit the unbound party — by the majority’s reasoning — to assert as a fact, not a prior judgment, but something contrary to that prior judgment.

. In response to footnote 1 of the majority opinion, as to that single defensive issue where I think collateral estoppel ought to apply, Stephen Gonzalez and the United States government were adversaries. Additionally, the federal court rejected the testimony of both Lawrence and Stephen Gonzalez that their vehicle was traveling only 35 m. p. h. and found, based on the physical evidence, that Stephen operated his vehicle “in excess of 60 m. p. h.” Thus, Lawrence’s earlier testimony, contrary to what is stated in the footnote, contributed as much toward exculpating Stephen as did Stephen’s testimony — nothing.

. Decided before Blonder-Tongue Laboratories, Inc., supra, in which the United States Supreme Court overruled Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949 (1936) (recognizing mutuality as a prerequisite to collateral estoppel).

. These findings of fact by the trial court were not challenged by Lawrence in the trial court, and, more importantly, were not raised as issues by this appeal. The sole issue on appeal is the legal question of whether the doctrine of collateral estoppel should apply to estop the defendant from asserting the negligence of the United States government as a defense.