DOWNEY, Judge.
Appellants seek review of a partial summary judgment on liability in this civil case, which was based solely upon a judgment of conviction in a criminal case that arose out of the same facts and circumstances.
It appears that appellants, Thomas and Frank Romano, were general partners and appellee, Trucking Employees of North Jersey Welfare Fund, Inc., was a limited partner in Romano Brothers, Ltd., a Florida limited partnership. The partnership was engaged in the construction of several hundred condominium units in Inverrary, in Lauderhill, Florida. Appellees sued the Romano brothers, charging them with breach of fiduciary duty, breach of contract, and conspiracy to defraud. In due course, prior to trial, appellees filed a motion for partial summary judgment on the question of liability based on a judgment of conviction in the United States District Court for the Southern District of Florida, which proceeding arose out of the same facts and circumstances that are involved in this civil suit. From an order granting appellee’s motion for partial summary judgment the Romano brothers have perfected this appeal.
The Romanos contend that the trial court erred in granting partial summary judgment on liability based upon the doctrine of collateral estoppel because there was no identity of parties in the two proceedings. The United States, of course, prosecuted the criminal case and this suit is being prosecuted by the Welfare Fund. In addition, say the Romanos, a judgment of conviction in a criminal case is not admissible in a civil case to establish the truth of the facts on which it was rendered.
The Supreme Court of Florida has held on several occasions that a judgment of conviction is not admissible in a subsequent civil case to prove the truth of the facts in question. Thus, in Stevens v. Duke, 42 So.2d 361, 363 (Fla.1949), the Court said:
“It is a general rule supported by the great weight of authority that a judgment of conviction in a criminal prosecution cannot be given in evidence in a civil *803 action to establish the truth of facts on which it was rendered. Though the rule is not without its exceptions, the facts of the case at bar do not come within any of the recognized exceptions.”
This holding was reconfirmed in Mosely v. Ewing, 79 So.2d 776 (Fla.1955), and in Boshnack v. World Wide Rent-A-Car, Inc., 195 So.2d 216 (Fla.1967). The reasons for the rule and the exceptions thereto are set forth in 46 Am.Jur.2d, Judgments, §§ 617, 618. Thus, it appears to us that the eviden-tiary support for the partial summary judgment was inadequate.
Appellee discussed the appellate point entirely in the context of collateral estoppel and the rules applicable thereto. Recognizing the long standing rule that collateral estoppel requires identity of parties in the two proceedings, appellee concedes that, if this court adheres to that rule and does not find privity between the United States and appellee, the order appealed from must be reversed. However, appellee makes a persuasive argument in favor of abandoning the requirement of mutuality, i.e., identity of parties, and suggests that we should join the host of other courts that now allow the invocation of collateral estoppel against a party who has once litigated the very issue at hand without the necessity of mutuality. Unquestionably, there is very respectable authority that eliminates the requirement of mutuality and the arguments for that position are both logical and compelling. However, both the Supreme Court of Florida and this court[1] have often held that identity of parties is an essential requirement of collateral estoppel or estoppel by judgment. Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla.1978); Universal Const. Co. v. City of Fort Lauderdale, 68 So.2d 366 (Fla.1953); Pickett v. Woods, 360 So.2d 45 (Fla. 4th DCA 1978); Daigneau v. National Cash Register Company, 247 So.2d 465 (Fla. 4th DCA 1971). And on more than one occasion Florida courts have refused to follow the suggestion that mutuality be dropped as a requirement for collateral es-toppel. One is the Daigneau case, supra. The First District Court of Appeal has most recently declined to make the change in Newport Division, Tenneco Chem., Inc. v. Thompson, 330 So.2d 826 (Fla. 1st DCA 1976). In any event, while we might be tempted to recede from our own case, in the scheme of things we must honor the holdings of the Florida Supreme Court. Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings.
We certify the following question to the Supreme Court of Florida as one of great public importance: May a litigant, who was not a party to a prior criminal proceeding that resulted in a judgment of conviction, use the judgment of conviction “offensively” in a civil proceeding to prevent the same defendant from relitigating issues resolved in the earlier criminal proceeding?
REVERSED AND REMANDED.
HURLEY and DELL, JJ., concur.

. The most recent case from this court is Nell v. International Union of Operating Engineers, Local # 675, 427 So.2d 798 (Fla. 4th DCA 1983).