SHARP, Judge.
The issue in this case is whether the trial court erred in granting Allstate Insurance Company’s motion to dismiss and in denying appellants’ motion for contribution pursuant to section 768.31, Florida Statutes (1979), filed against John Carroll, Allstate’s insured. We affirm because, in this case, appellants are seeking to use a jury’s determination of Carroll’s liability as a joint tortfeasor affirmatively to bind Allstate (the real party in interest), when Allstate was not a party to the litigation which determined the issue of comparative negligence.
Ruth Carroll, a passenger in an automobile being driven by her husband, John, was injured in an accident when their vehicle was hit by a van driven by Janice Dudley. Janice was attempting an illegal U-turn on 1-4, and John failed to get out of her way. Ruth sued the appellants, Janice Dudley and John Dudley (owner of the vehicle Janice was driving), and their insurers. The jury found that John Carroll was 47% negligent and that Janice was 53% negligent. The jury set Ruth’s damages at $29,200.00.
At the commencement of the suit, appellants filed an amended counterclaim seeking contribution against John Carroll, pursuant to the Uniform Contribution Among Tortfeasors Act, § 768.31, Fla.Stat. (1979), and joined Allstate, his liability insurer. However, before trial, appellants dismissed the counterclaim. Allstate then could not participate in the trial. However, after the trial was over and the comparative negligence of the drivers had been decided by *707 the jury, appellants filed a motion for contribution against John Carroll, pursuant to the joint tortfeasor statute, and sought to file a third party complaint against Allstate, requiring it to pay any judgment entered against John for contribution. The trial court’s dismissal of the third party complaint and its denial of appellant’s motion for contribution against John Carroll are the subjects of this, appeal.
There is a difference between the offensive use of collateral estoppel and a defensive use: “a plaintiff is seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff.” Nell v. International Union of Operating Engineers, Local #675, 427 So.2d 798, 801 n. 4 (Fla. 4th DCA 1983) (quoting Stewart, J., Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326-31, 99 S.Ct. 645, 649-51, 58 L.Ed.2d 552 (1979)). Justice Stewart concludes the general rule should be that in cases “where a plaintiff could easily have joined in the earlier action or where ... the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel.” Id.
The consideration of unfairness was validly applied in this ease because John’s insurer, Allstate, was foreclosed by appellants from litigating the comparative negligence issue. If John is bound by the jury’s comparative negligence determination Allstate will be also. Allstate was prepared to defend his liability on this theory, but was shut out by the trial tactics of appellants. Now appellants seek to have John and Allstate bound by a jury trial appellants effectively prevented Allstate from participating in.
Further, Allstate was the real party in interest as to any liability its insured would have to pay. Shingleton v. Bussey, 223 So.2d 713 (Fla.1969). The liability of Allstate on behalf of its insured should not be bindingly determined as to it in a suit to which it was not a party, particularly where it was prevented from participating in the litigation through no fault of its own. See Zurich Insurance Company v. Bartlett, 352 So.2d 921 (Fla. 2d DCA 1977); Pennsylvania Insurance Company v. Miami National Bank, 241 So.2d 861 (Fla. 3d DCA 1970). Beyond that, we think it would be a violation of due process to prevent Allstate from having its day in court on the issues which may determine its liability. See Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978); Hill v. Colonial Enterprises, Inc., 219 So.2d 51 (Fla. 4th DCA 1969).
AFFIRMED.
ORFINGER and COWART, JJ., concur.