SAWAYA, J.
The doctrine of collateral estoppel and a judgment entered in another case constitute the legal basis for the judgment we review in this appeal. The other case is Government Employees Insurance Co. v. Kisha, 160 So.3d 549 (Fla. 5th DCA 2015), wherein we reviewed the final judgment rendered in favor of Madeline Kisha against Government Employees Insurance Company (GEICO). We reversed that judgment and remanded the case for a new trial. The issue we must resolve is rather straightforward and requires us to determine whether reversal of the judgment in Madeline’s case requires reversal of the judgmefit rendered in favor of Stephen Kisha in this case.
Stephen Kisha is Madeline Kisha’s husband. They obtained an automobile insurance policy from GEICO that made provision for uninsured motorist coverage. The policy named them both as insureds. •Madeline and Stephen were involved in an automobile accident, and they each claimed benefits under the uninsured motorist provisions of the policy. GEICO denied their claims on the grounds that the policy had been cancelled prior to the accident for non-payment of premiums. Madeline filed a declaratory judgment action asserting that GEICO waived its right to cancel the policy and that it was estopped to deny coverage. Rather than join in that suit, Stephen took a wait-and-see approach regarding the outcome of Madeline’s case. Stephen did, however, present testimony in Madeline’s case.
Shortly after the jury returned a verdict favorable to Madeline in her case, Stephen filed the underlying declaratory judgment action claiming benefits for himself under the same policy based on injuries he sustained in the same accident. Stephen then filed a Motion for Entry of Judgment Based on Collateral Estoppel.
The doctrine of collateral estoppel is a judicial creation of ancient vintage that emanates from the common law. See United States v. Mendoza, 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984); Mobil Oil Corp. v. Shevin, 354 So.2d 372, 375 (Fla.1977); Prall v. Prall, 58 Fla. 496, 50 So. 867, 870 (1909); see also Cragin v. Ocean & Lake Realty Co., 101 Fla. 1324, 133 So. 569, 571 (1931). Its historical development has been founded on the perceived need to reduce the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by preventing inconsistent decisions. Mendoza, 464 U.S. at 158, 104 S.Ct. 568; Prall, 50 So. at 870. The doctrine accomplishes these objectives by precluding a party from relitigating in a subsequent cause of action the same issues that were litigated and decided in a prior cause of action between the same parties. Stogniew v. McQueen, 656 So.2d 917, 919 (Fla.1995); Gordon v. Gordon, 59 So.2d 40, 44 (Fla.1952), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); Criner v. State, 138 So.3d 557, 558 (Fla. 5th DCA 2014). The vernacular of the doctrine varies, with some courts referring to it as “collateral estoppel” while others also refer to it as “issue preclusion” or “estoppel' by judgment.” See, e.g., Topps v. State, 865 So.2d 1253, 1255 (Fla.2004); Gentile v. Bauder, 718 So.2d 781, 783 (Fla.1998); Stogniew, 656 So.2d at 919. We shall refer to it as collateral estoppel. Utilizing collateral estoppel and Madeline’s judgment, Stephen convinced the trial court to grant his motion and render judgment in his favor. GEICO contends that reversal of Madeline’s judgment requires reversal of Stephen’s judgment.
*1268 The fate of Stephen’s judgment rests upon a principle of collateral estoppel that has a distinguished common-law pedigree and is considered an essential element of the doctrine. It provides that in order for collateral estoppel to apply, the issue must have been “fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction.” Mobil Oil Corp., 354 So.2d at 374; see also Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); Cromwell v. Cnty. of Sac., 94 U.S. 351, 353, 24 L.Ed. 195 (1876); Dep’t of Health & Rehab. Servs. v. B.J.M., 656 So.2d 906, 910 (Fla.1995) (discussing the essential elements of collateral estoppel); Prall, 50 So. at 870 (“[T]he judgment in the first suit operates as an estoppel in the second suit only as to every point and question that was actually litigated and determined in the first....”); United Auto. Ins. Co. v. Law Offices of Michael I. Libman, 46 So.3d 1101, 1104 (Fla. 3d DCA 2010); U.S. Fid. & Guar. Co. v. Odoms, 444 So.2d 78, 79-80 (Fla. 5th DCA 1984); Husky Indus., Inc. v. Griffith, 422 So.2d 996, 999 (Fla. 5th DCA 1982).
Thus, “[cjollateral estoppel ... serves as a bar to relitigation of an issue which has already been determined by a valid judgment.” Stogniew, 656 So.2d at 919; see also Zikofsky v. Mktg. 10, Inc., 904 So.2d 520, 525 (Fla. 4th DCA 2005). There no longer is a final decision regarding any issue in Madeline’s case because her final judgment has been reversed and the case remanded for a new trial. See Ed Ricke & Sons, Inc. v. Green, 609 So.2d 504, 507 (Fla.1992) (“An order directing a new trial has the effect of vacating the proceeding and leaving the case as though no trial had been had.” (quoting Atlantic Coastline R.R. v. Boone, 85 So.2d 834, 839 (Fla.1956))). Since the foundation for Stephen’s final judgment has been eliminated, Stephen’s judgment must also be reversed. We note that in his briefs submitted to this court, Stephen concedes that reversal of Madeline’s judgment requires reversal of his judgment.
While GEICO urges reversal, it asks for more. GEICO contends that this court should remand with instructions to the trial court to allow GEICO the opportunity to relitigate the case on the merits unburdened by the preclusive effect imposed by the doctrine of collateral estoppel. GEI-CO decries the inherent unfairness of allowing Stephen’s wait-and-see approach to dictate the course of GEICO’s defense, especially since Stephen and Madeline present claims under the same policy that arise out of the same accident. GEICO asserts that the courts should not allow collateral estoppel to be applied offensively in this manner to deprive it of its day in court and a fair hearing on the merits of each issue.[1] The offensive use of collateral estoppel occurs when a plaintiff seeks to prevent a defendant from relitigating issues previously litigated unsuccessfully in another action involving the same parties. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). GEICO points to the decision in Parklane Hosiery, wherein the United States Supreme Court identified the potential unfairness in the use of offensive collateral estoppel. Of particular relevance to this case is the Court’s expression of concern that:
Since a plaintiff will be able to rely on a previous judgment against a defendant *1269 but will not be bound by that judgment if the defendant wins, the plaintiff has every incentive to adopt a “wait and see” attitude, in the hope that the first action by another plaintiff will result in a favorable judgment.
Id. at 330. To remedy this problem and the others discussed in that opinion, the Court held:
The general rule should be that in cases where a plaintiff could easily have joined in the earlier action or where, either for the reasons discussed above or for other reasons, the application of offensive es-toppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel.
Id. at 331; see also Dudley v. Carroll, 467 So.2d 706, 707 (Fla. 5th DCA 1985) (“Justice Stewart concludes the general rule should be that in cases ‘where a plaintiff could easily have joined in the earlier action or where ... the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel.’ ” (quoting Parklane Hosiery, 439 U.S. at 331, 99 S.Ct. 645)).
GEICO asserts that Stephen could have easily joined in Madeline’s suit and consciously chose not to so that he could acquire the tactical advantage of hindsight regarding the course and outcome of Madeline’s case. Given that the Court in Parklane Hosiery affixed its imprimatur to the cautious approach regarding the use of offensive collateral estoppel, GEICO argues that we should as well. Stephen argues that the Florida courts have not specifically adopted the Parklane Hosiery approach and suggests that it is best suited for application by the federal courts.
We will not resolve this issue on the merits because GEICO did not raise it in the trial court. The courts have repeatedly held that an appellate court may not, as a general rule, resolve an issue raised for the first time on appeal. See Sunset Harbour Condo. Ass’n v. Robbins, 914 So.2d 925, 928 (Fla.2005) (“As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal.”); Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) (“Generally, if a claim is not raised in the trial court, it will not be considered on appeal.”); Dober v. Worrell, 401 So.2d 1322, 1323-24 (Fla.1981); Mann v. Yeatts, 111 So.3d 934, 937 (Fla. 5th DCA 2013). If GEICO wants to pursue the issue further, it will have to raise the issue in the trial court on remand. Thus, our course of decision is to reverse and remand for further proceedings.
REVERSED and REMANDED.
BERGER and WALLIS, JJ., concur.

. The defensive use of the doctrine occurs when a defendant seeks to prevent a plaintiff from relitigating issues previously litigated by the plaintiff unsuccessfully in another action involving the same parties. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).