220 So.2d 378 (1969)
E.J. SALLAS, Appellant,
v.
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida; Leon County, a Political Subdivision of the State of Florida; and Horrie B. Culpepper and His Wife, Lucille S. Culpepper, Appellees.
No. K-411.
District Court of Appeal of Florida. First District.
February 25, 1969.
Rehearing Denied April 7, 1969.
H.O. Pemberton, of Keen, O'Kelley & Spitz, Tallahassee, for appellant.
P.A. Pacyna and Louis S. St. Laurent, Tallahassee, for appellees.
*379 WIGGINTON, Chief Judge.
Defendant in an eminent domain proceeding has appealed a final judgment holding that he is not entitled to an apportionment of any part of the award made by the jury as just compensation for the taking of a parcel of land condemned for highway purposes.
The State Road Department and Leon County brought this action for the purpose of acquiring a ten-foot-wide strip of land off the filling station property operated by appellant which abuts an established state highway. The defendant owners of the fee answered the petition claiming compensation for the taking of their land, together with resulting damages to the remainder. The defendant oil company lessee answered, claiming compensation for the damages suffered as a result of the taking of a part of its leasehold estate. Appellant, as sublessee from the oil company, answered, claiming damages to its established business which had been operated on the parent parcel for more than five years prior to the taking.
The evidence reveals that as a result of the taking of the strip of land involved in this case an island on which some of the gasoline pumps are located will have to be reduced in size and moved further back on the property; that such change will result in a loss of approximately 25% of the volume of gasoline sales theretofore made by appellant in his business.
The total compensation to be paid for the parcel as a whole as testified to by appellees' only expert witness was the sum of $6,314, which amount admittedly did not include any allowance for business damages allegedly suffered by appellant. The dealer's sublease under which appellant operates his business is for a stated initial term of one year, renewable annually for additional one-year terms subject to termination by either party at the end of any renewal period.
One of appellant's expert witnesses, by employing the income analysis approach based upon the net income earned by appellant's business during each of the preceding two years, appraised appellant's business damage as a result of the loss of highway frontage at $2,580 projected over a ten-year period. Another expert testified that because of the necessity for relocating and reducing the size of the pumping island, the 50,000 gallon-a-month volume of gasoline sales would be reduced by 25%. Appellant testified that his monthly loss of net profit would be a sum equivalent to four cents for each gallon of sales lost, or a monthly loss of $500. This evidence is measured against appellant's income tax returns introduced in evidence which reveal an average net annual income from his entire business for the two preceding years to be the sum of $1,956 before depreciation.
When it retired to consider the case the jury was furnished with a form of verdict which contained a blank space to be filled in by it stating the total compensation to be paid for the taking of the parcel as a whole, and another blank space in which to indicate the amount of business damages sustained by appellant which was included in the compensation awarded for the parcel as a whole. In the spaces provided therefor the jury inserted the sum of $9,300 as compensation for the parcel as a whole and "0" for business damages sustained by appellant. Appellant timely moved for a new trial on the ground that the verdict is contrary to the law and the evidence, which motion was duly denied. The court thereupon entered judgment confirming the verdict and ordering that no part of the sum awarded be apportioned to appellant for the business damages allegedly suffered by him.
There is no dispute but that the appellee petitioners elected to offer no evidence on the issue of business damages allegedly sustained by appellant as claimed in his answer. Appellant's evidence established damages sustained by him in amounts ranging from a low figure of $258 for a one-year period testified to by the witness Croy, to a high figure of $6,000 for a one-year period testified to by appellant. The *380 term of the sublease under which appellant operates his business being on a year-to-year basis subject to termination by either party at the end of any renewal period necessarily restricts the extent of future business damages to which appellant might be entitled to a period not exceeding one year.[1]
It is the established law of this state that in its consideration of the just compensation to be awarded in an eminent domain action, the jury is not free to ignore the evidence and base its verdict on speculation, conjecture, prejudice, or some preconceived notion influenced by considerations outside the record. Its verdict must be within the range of the evidence adduced at the trial, and consist of an amount not lower than the lowest nor higher than the highest figure supported by the evidence.
In the case of Meyers v. City of Daytona Beach[2] the Supreme Court reviewed a judgment in eminent domain which confirmed a verdict awarding a landowner compensation in an amount less than the lowest evaluation testified to by any of the witnesses at the trial. The question presented for the court's consideration was:
"* * * `May a jury in an action of eminent domain go outside the scope of the evidence and fix in its verdict, as the just compensation to be paid for the taking of the land involved in the suit, a sum of money less than the lowest figure testified to by any of the witnesses in the case?'"
In reversing the judgment appealed, the Supreme Court said:
"As to parcel No. 15, the verdict was for $360 whereas the lowest value fixed by any witness was $400. The award falls far short of full compensation and must be reversed. The award must be sustained by evidence. The jurors may view the property and use their judgment in evaluating the evidence but, no matter how learned they may be, they are not at liberty to disregard the evidence.
"As to parcel No. 18, we find the lowest value testified to by any witness was $759 for the land and $6,875 for the improvements  or a total of $7,634. The net income from the property is shown to be $600 per month. The shortest time within which the station could be reconstructed on the remaining property was testified to be six weeks. Thus if the net profits amounting to $900 is added to the $7,634, we get a total of $8,534. The award of $7,925 was $609 short when every part of the evidence is indulged favorably to the city. Obviously, the answer is the same here as to No. 15."
In reaching a similar conclusion on substantially similar facts, this court, in Garvin v. State Road Department,[3] said:
"Section 12 of the Declaration of Rights in the Florida Constitution, F.S.A. provides that private property shall not be taken `without just compensation.'
"The rule is settled in this state that, when the compensation awarded in a verdict is below the lowest value fixed by the evidence, the award cannot be upheld."
An advisory verdict in an eminent domain action which stipulates the amount of compensation to be paid lesser conflicting claimants out of the award made for the parcel as a whole is not binding on the court, but is treated as informational only. The sole responsibility for apportioning the compensation awarded for the parcel as a whole among the fee owners and lesser conflicting claimants is imposed by statute on the trial court.[4]
*381 In the case of State Road Department v. Hartsfield[5] this court said:
"Under the statutory scheme for making awards in eminent domain suits, even though a jury may by agreement of the parties act in an advisory capacity and stipulate in its verdict the amount included as reasonable compensation to be paid to the various parties in interest, it nevertheless remains the ultimate and final responsibility of the trial judge to apportion the total amount awarded by the jury among the various claimants to the award, and in doing so the court is not bound by the amounts included in its verdict by the jury as compensation for the various claimants."
In the case sub judice the trial court cannot be held in error for having denied appellant's motion for an apportionment of a part of the jury award for the business damages sustained by him as a result of the taking. This is so because of the irrefragable fact that the award made for the parcel as a whole included no amount for business damages allegedly suffered by appellant, but only included compensation to be paid the fee owners and the oil company lessee for the losses sustained by them to their respective estates. The jury having ignored the evidence relating to the issue of business damages sustained by appellant rendered its verdict on this issue contrary to both the law and evidence, requiring that it be set aside and held for naught.
For the foregoing reasons the trial court erred in denying appellant's motion for a new trial. Had the amount awarded by the jury as compensation for the parcel as a whole included an allowance for the business damages sustained by appellant, then on a retrial of the cause a redetermination would be required of the amount to be awarded for the parcel as a whole out of which appellant's damages would be apportioned.[6] However, since the jury award included nothing for the business damages sustained by appellant, it would seem that in the retrial of this case justice would require that it be confined solely to the issue of business damages allegedly sustained by appellant as a result of the taking, and not include a redetermination of the compensation to be paid for the parcel as a whole. The judgment appealed is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed.
CARROLL, DONALD K., and SPECTOR, JJ., concur.
NOTES
[1] Pensacola Scrap Processors, Inc. v. State Road Department (Fla.App. 1967), 188 So.2d 38.
[2] Meyers v. City of Daytona Beach (1947), 158 Fla. 859, 30 So.2d 354, 355.
[3] Garvin v. State Road Department (Fla. App. 1963), 149 So.2d 869, 871.
[4] F.S. § 73.101, F.S.A.
[5] State Road Department v. Hartsfield (Fla.App. 1968), 216 So.2d 61.
[6] State Road Department v. Hartsfield, supra note 5.