341 So.2d 1068 (1977)
ROMPON PROPERTIES, INC. and Nicholas J. Rompon, Appellants,
v.
J. Maurice LANGELIER and Jacques A. Corbeil, Appellees.
No. 76-1042.
District Court of Appeal of Florida, Second District.
February 2, 1977.
*1069 Stephen D. Hughes, Largo, for appellants.
Charles P. Schropp of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
BOARDMAN, Chief Judge.
Appellants/defendants appeal a final judgment awarding appellees/plaintiffs possession of two mobile homes and damages.
Appellants were the previous owners of a parcel of realty which appellees purchased at a sheriff's sale. This action for unlawful detainer of the property was filed upon appellants' refusal to comply with appellees' demand for possession. The issue presented on appeal is whether the trial court abused its discretion by finding that the mobile homes located on the property were fixtures and thereby part of the real property.
The characterization of property as chattel or fixture is a fact question to be determined according to the testimony and other evidence presented. The trier of fact considers three factors: annexation of the property to the realty, adaptation of the property to the use of the realty and the intent of the party making the annexation. Commercial Finance Co. v. Brooksville Hotel Co., 98 Fla. 410, 123 So. 814 (1929). We hold that the findings of the trial court are supported by competent, substantial evidence, and therefore the trial court did not abuse its discretion by finding that the mobile homes were fixtures.
Appellants argue that this ruling renders them liable for payment of the purchase price of the mobile homes and deprives the holders of chattel mortgages on the homes of their security. The decision reached in this case is dispositive of the single issue presented to us, that is whether the mobile homes are fixtures. We have not considered or determined either appellants' personal liability on the mortgages or the priority of claims made on the mobile homes by the chattel mortgagees.
AFFIRMED.
McNULTY and OTT, JJ., concur.