HOBSON, Acting Chief Judge.
In this appeal we reverse the final judgment of the trial court because, contrary to the ruling of that court, mortgagee Bank was not estopped by a judgment rendered in a prior action against the Rompons (Mortgagors).
Pursuant to a purchase money loan agreement, Bank became a chattel mortgagee of a double-wide mobile home bought by Mortgagors. The mobile home was affixed to real property by hurricane anchors, an air conditioning system, and utility connections. Mr. Langelier and Mr. Corbeil (Purchasers) successfully bid for the real property at a sheriff’s sale. When Mortgagors refused to comply with Purchasers’ demand for possession of mobile homes situated on the land, Purchasers filed an action for unlawful detainer. Purchasers prevailed in the trial court and on appeal to this court. The sole issue on appeal was whether the mobile homes were fixtures to the land. We held that the trial court in that action was not shown to have abused its discretion in finding that the mobile homes were fixtures. However, this court expressly did not consider or determine the priority of claims made on the mobile homes by chattel mortgagees. Rompon Properties, Inc. v. Langelier, 341 So.2d 1068, 1069 (Fla. 2d DCA 1977). This latter issue was raised when Bank filed suit to foreclose on its interest in one of the mobile homes. *572 The trial court in the foreclosure action held that Purchasers’ interest was superior to Bank’s interest because Bank failed to properly perfect its interest in the fixture. This ruling was based upon the trial court’s finding that Bank was estopped by the judgment in the earlier action against the Mortgagors, from whom Bank acquired its interest. Bank was not permitted to reliti-gate the issue of whether the mobile home was a fixture.
“Estoppel by judgment, simply stated, is a principle of law which recognizes within the concept of res judicata that once ’ an identical, relevant issue as between the same parties has been decided by a prior valid judgment that issue can never again be retried between them.” Zurich Insurance Co. v. Bartlett, 352 So.2d 921, 922 (Fla. 2d DCA 1977). Here, the previously decided issue sought to be relied upon was whether the mobile home was a fixture. That issue, however, was only decided as between Purchasers and Mortgagors — not as between Purchasers and Bank. Unless Bank was in proper “privity” with Mortgagors, for the purpose of applying estoppel by judgment, the identity of parties essential to application of estoppel by judgment was not present. Zurich Insurance Co. v. Bartlett, supra; Seaboard Coast Line Railroad Company v. Cox, 338 So.2d 190 (Fla.1976).
Bank was not in “privity” with Mortgagors for the purpose of applying es-toppel by judgment. It is true that one who acquires an interest in the subject matter of the suit after rendition of judgment is a “privy” in such sense that he is bound by the judgment. However, it is also true that one whose interest arises prior to that judgment is not bound by the judgment unless made a party to the action. Allstate Insurance Company v. Warren, 125 So.2d 886 (Fla. 3d DCA 1961). This principle has long had specific application to the acquisition of interests by mortgagees. See for example Logan v. Stieff, 36 Fla. 473, 18 So. 762 (1895), involving the mortgage of real property later involved in a sheriff’s sale.
In the case at bar, not only did Bank’s interest arise prior to the judgment obtained by Purchasers in the earlier action, but also it arose prior to Purchasers’ acquisition of an interest in the land upon which the mobile home rests. Bank was not bound by the earlier judgment. The trial court erred in denying Bank an opportunity to litigate its claim that the mobile home was not a fixture requiring perfection of a security interest in a manner different than that attempted by Bank.
Since the final judgment of the trial court was predicated on that court’s erroneous ruling that Bank could not contest the status of the mobile home as a fixture for the purposes of Bank’s interest, the final judgment must be, and is hereby,
REVERSED and the case is REMANDED.
GRIMES and OTT, JJ., concur.