377 So.2d 981 (1979)
BARNETT BANK OF CLEARWATER, N.A., a National Banking Corporation, Appellant,
v.
Nickolas J. ROMPON, June P. Rompon, J. Maurice Langelier and Jacques A. Corbeil, Appellees.
No. 79-315.
District Court of Appeal of Florida, Second District.
November 7, 1979.
Rehearing Denied December 11, 1979.
*982 Michael A. Walters of Mahoney, Hadlow & Adams, Jacksonville, for appellant.
John W. Puffer, III, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees Langelier and Corbeil.
OTT, Judge.
This is the third trip to this court by the mobile home involved herein  even though it has been without wheels since shortly after its purchase by appellee Rompon in 1973.
Appellant financed the original purchase of the mobile home. It perfected its security interest by notation on the title issued for the mobile home by the Department of Highway Safety & Motor Vehicles (Department).
At some later date appellee Rompon moved the mobile home upon a plot of land in Hillsborough County, removed the wheels and towing tongue, hooked up underground utilities, added a side porch and otherwise firmly affixed the mobile home to the real estate. In all years subsequent to the year of purchase the mobile home was taxed as "real property".
In 1975 appellees Langelier and Corbeil purchased at a sheriff's sale the land on which the mobile home was situated. They had searched the county records for evidence of encumbrances against the real property, but they had not searched the records of the Department. They had no actual notice of appellant's lien and the mobile home bore no tags or other evidence that it was registered with the Department. The first litigation  and first appearance of the subject mobile home before this court  involved the right of possession of the mobile home as between appellee Rompon and appellees Langelier and Corbeil. In that case the trial court found  and this court affirmed  that under the facts the mobile home had become a fixture to real property and, as such, went to appellees Langelier and Corbeil as purchasers of the real property. Our opinion in that case expressly included the following caveat:
The decision reached in this case is dispositive of the single issue presented to us, that is whether the mobile homes are fixtures. We have not considered or determined either appellants' personal liability on the mortgages or the priority of claims made on the mobile homes by the chattel mortgagees.
Rompon Properties, Inc. v. Langelier, 341 So.2d 1068, 1069 (Fla.2d DCA 1977).
Upon the return of the mobile home to Hillsborough County, appellant brought this action against all of the appellees to foreclose its lien. The trial court found for the appellees on the grounds that the appellant was estopped by the previous judgment from asserting that the mobile home was not a fixture and, therefore, had no lien superior to the appellees since it had not perfected its lien against the mobile home in the manner required for fixtures to real property. This court reversed that ruling of the trial court and sent the little mobile *983 home back to the trial court on the ground that appellant had not been a party to and thus was not bound by the previous judgment or findings of the trial court. Barnett Bank of Clearwater v. Rompon, et al., 359 So.2d 571 (Fla.2d DCA 1978).
After retrial, the court entered final judgment in favor of the appellees. The court below again found, under the facts, that the mobile home was a fixture to the real property and thus appellant's security interest in it should have been perfected pursuant to Section 679.9-401(1)(b), Florida Statutes.
It may well be that the mobile home was so affixed to the land as to become a fixture, but that is not the determinative factor here. If a mobile home must be registered and titled as a motor vehicle under Florida law, then the provisions of Chapter 679 do not even apply. § 679.9-302(3)(b).
There can be no doubt that a mobile home is classified as a motor vehicle under Florida law and must be registered with and titled by the Department. §§ 320.01(1)(a); 320.01(6); 320.015; 320.02; 320.06(1)(d), Fla. Stat. At the time appellant financed Rompon's purchase of the mobile home it was registered and titled by the Department. Appellant could only perfect its lien on it by filing notice thereof with the Department and having it noted on the certificate of title. § 319.27(2). Even when a mobile home is permanently affixed to land and taxed as real property, it still must have an RP license plate issued by the Department and attached to the rear of the mobile home in a conspicuous place. § 320.0815.
At the time of financing the Rompon purchase of the mobile home, the appellant perfected its security interest according to law. There is no requirement that appellant reperfect its security interest pursuant to Chapter 679 in the event the mobile home subsequently becomes a fixture to real property. Under the provisions of Chapters 319 and 320, Florida Statutes, appellees' interest in the mobile home is subject to appellant's perfected security interest. A check of the records of the Department is required even though a mobile home has actually become a fixture to real property.
The judgment in favor of appellees is reversed with instructions to the court to permit appellant to proceed with the foreclosure of its duly established security interest in the mobile home.
DANAHY, J., concurs.
BOARDMAN, Acting C.J., concurs in result only.