388 So.2d 52 (1980)
David SOLOMON, d/b/a Briarwood Village, Appellant,
v.
Frank GENTRY and Estelle Gentry, His Wife, Appellees.
No. 79-2071.
District Court of Appeal of Florida, Fourth District.
September 24, 1980.
*53 Harry A. Schroeder of Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for appellant.
Wallace B. McCall of Johnson, Ackerman & Bakst, P.A., West Palm Beach, for appellees.

ON CLARIFICATION
PER CURIAM.
This appeal poses a question of first impression in Florida. The issue is whether a landlord may be liable to a tenant for breach of an implied warranty of fitness for a specific purpose. We hold that no such warranty arises under a lease of real property and reverse.
The facts before the trial court were that appellees, after renting and moving into their mobile home with the intention of remaining for a period of six to twelve months, discovered that the heating unit was not functioning properly. Subsequently, after the landlord had the unit repaired, a fire, originating somewhere within the heating unit, broke out and destroyed the entire contents of the home. The trial court held landlord liable for damages in the amount of $6,643.00, apparently concluding that the landlord breached an implied warranty that the mobile home be fit for the purpose intended. This sum was the value of tenants' furnishings.
The trial court's decision, if we assume that the mobile home is properly classified as a chattel, is consistent with the holding of W.E. Johnson Equipment Co. v. United Airlines, Inc., 238 So.2d 98 (Fla. 1970) in which the Supreme Court of Florida stated that as a general rule there is an implied warranty that a chattel be fit for the purpose intended. However, we must analyze first the classification of the mobile home as a chattel and thereafter the resulting liability of the landlord.
The court in Rompon Properties, Inc. v. Langelier, 341 So.2d 1068, 1069 (Fla.2d DCA 1977) stated that:
The characterization of property as chattel or fixture is a fact question to be determined according to the testimony and other evidence presented. The trier of fact considers three factors: annexation of the property to the realty, adaptation of the property to the use of the realty, and the intent of the party making the annexation.
Upon consideration of the factors enumerated above, we acknowledge that a mobile home may be classified either as a chattel or real property, depending upon the particular facts involved. We further acknowledge that such classification will ultimately determine the landlord's liability. *54 By way of preliminary thesis, appellees argue that they were mere transient occupants of the mobile home, thereby precluding application of the Florida Residential Landlord and Tenant Act, Section 83.42(3) and 83.43(2)(b), Florida Statutes (1979). If this were the case, the argument goes, appellees' interest in the mobile home could not properly be classified as a leasehold interest. In light of the facts that: 1) the mobile home was not readily transportable in that it apparently was on blocks with the wheels removed; 2) the intent of the parties was to rent the mobile home and slab for use as a residence for a period of indefinite duration (as opposed to its use as a chattel involving a daily rental situation); and 3) the mobile home was sufficiently affixed to the ground with proper sewer and plumbing connections, we find that the mobile home in this context must be treated as real property and not as a chattel.
Concluding, as we have, that the mobile home attained the status of real property, we next address the issue of whether the landlord is liable under a warranty concept. Although implied warranties of fitness and merchantability have been held applicable to sales of new homes by the builder, Gable v. Silver, 258 So.2d 11 (Fla. 4th DCA 1972), aff'd 264 So.2d 418 (Fla. 1972), we are aware of no case extending this concept to used homes involving remote purchasers. The Second District specifically refused to do so in Strathmore Riverside Villas Condominium Association, Inc. v. Paver Development Corp., 369 So.2d 971 (Fla.2d DCA 1979), cert. denied 379 So.2d 210 (Fla. 1979), and such implied warranties have never been extended to leasehold estates in Florida.
Accordingly, since we do not intend at this time to further extend the implied warranty of fitness for a specific purpose to leasehold estates in real property, we reverse that part of the judgment finding the landlord liable for breach of an implied warranty of fitness and remand for such further proceedings as may be appropriate.
REVERSED AND REMANDED.
LETTS, C.J., HERSEY and GLICKSTEIN, JJ., concur.