DOWNEY, Judge.
Appellee, Regency Highland Condominium Association, Inc., commenced this suit against appellants, Goldberger and others, developers of the condominium, to, among other things, recover improper charges made against the condominium association by the developers. From a judgment partially in favor of each side this appeal and cross-appeal were perfected.
The only issues remaining on appeal have to do with the propriety of 1) the developers’ charging the association for the carpeting and marble wall and floor coverings located in the lobby area of the condominium, and 2) the developers’ making a profit on the furnishing of personal property to the association.
The parties have denominated the period from the establishment of the association to the date of relinquishment of control by the developers as. the Interim Assessment Period. The condominium documents provide that the developers were not to pay for any of the personal property furnished for the common areas of the condominium. Instead, the documents provide that one percent of the purchase price of each condominium unit should be placed in a Common Element Improvement Fund (referred to herein as the 1% Fund) to be used for acquiring the manager’s apartment, furnishing, carpeting, and decorating common areas and recreational facilities, and prepaying insurance and other expenses as the association might choose. The condominium prospectus stated that the developer would not supply any personal property for the recreation room or other commonly used facilities. All such property was to be purchased by the condominium association.
The primary controversy involves the circuit court’s findings that certain marble floor and wall coverings in the common areas were fixtures while carpet floor coverings in those areas were not.
The law of fixtures is somewhat amorphous. What personal property attached to realty retains its character as personal property and what personal property becomes part of the realty depends upon the facts of each case. As we recognized in Dependable Air Cond. v. Office of Treasurer, 400 So.2d 117, 119 (Fla. 4th DCA 1981): “ ‘Fixtures are a species of property which lie along the dividing line between real and personal property.’ ” A key factor in this determination is the intention of the parties.
*587 We hold that, based upon the evidence adduced, the circuit court properly found that the intention of the parties was that the marble wall and floor coverings were fixtures while the carpeting was not.
In its cross appeal the association also contends that the developers made a profit on the purchase and resale to the condominium of the various items of personal property compensable from the 1% Fund. Some of this profit was to reimburse the developers for “administrative services” in procuring said personal property. This issue was one of fact. The trial judge heard the witnesses and, in fact, charged back against the developers some of the profit charged. Once again, we can not say reversible error is demonstrated in this regard.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
LETTS and HERSEY, JJ., concur.