681 So.2d 765 (1996)
TRINITY TEMPLE CHURCH OF GOD IN CHRIST, INC., Appellant,
v.
ORANGE COUNTY, Florida, etc., et al., Appellees.
No. 95-2727.
District Court of Appeal of Florida, Fifth District.
September 12, 1996.
Rehearing Denied October 15, 1996.
*766 Brian A. Bolves and William D. Shepherd of Bricklemyer Smolker & Bolves, P.A., Tampa, for Appellant.
Kimberly A. Ashby of Maguire, Voorhis & Wells, P.A., Orlando, for Appellee Orange County.
PETERSON, Chief Judge.
This is an appeal of an order denying business damages to a church for a partial taking of its real property.
Trinity Temple Church of God in Christ, Inc., a Florida not-for-profit corporation ("Trinity"), argues that the partial taking of its property resulted in a loss of parking spaces, and as a result, it will lose "profits" in the form of fewer gifts, donations and bequests.[1] It has not cited any case law supporting its position that a non-profit entity like itself is entitled to such damages.
The right to business damages under section 73.071(3)(b), Florida Statutes (1995), in a condemnation proceeding is a matter of legislative grace, not a constitutional imperative. City of Miami v. Coconut Grove Marine Properties, Inc., 358 So.2d 1151 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 932 (Fla.1979). The statute authorizing an award for business damages must be strictly construed in favor of the state. See Tampa-Hillsborough County Expressway Authority v. K.E. Morris Alignment Service, Inc., 444 So.2d 926 (Fla.1993). Black's Law Dictionary, 5th Ed., defines the term business as "employment, occupation, profession, or commercial activity engaged in for a gain or livelihood. Activity or enterprise for gain, benefit, or livelihood...." A tax-exempt church in Florida is one which uses its property "predominately for a ... religious ... purpose." § 196.196(1), Fla. Stat. (1995). Because the promotion of religion, not its own livelihood, is the primary purpose of a church, and because the business damages statute is to be construed strictly in favor of the state, we conclude a church is not a business as that term is used in section 73.071(3)(b).
Trinity also invokes the Equal Protection Clause of the 14th Amendment to allege that the statute discriminates against it as a class either as a church or as a not-for-profit corporation. However, the statute does not in any way target religious groups; it simply does not extend its largess to not-for-profit corporations in general, just as it does not extend its largess to businesses that have existed for less than the minimum of five years or to parcels taken in their entirety rather than parcels that have been partially taken.
Calculation of business damages would indeed create a problem if not-for-profit organizations were entitled to them. Not-for-profit organizations enjoy financial benefits including tax exemptions not available to commercial enterprises. The absence of these significant expenses in calculating business damages could result in a windfall not obtainable by a commercial enterprise. Not-for-profit organizations enjoy such advantages over organizations conducted for profit because our government recognizes their contribution to society. Such organizations do not operate primarily to make profits; they disburse their earnings for the charitable, educational, or religious purposes for which they were formed.
We agree with the trial court that severance damages are the appropriate element of damages to award when a church's parking spaces are lost through a partial taking. Dean v. State Road Department, 165 So.2d 257 (Fla. 3d DCA 1964). A church is not entitled to business damages under section 73.071(3)(b) (1995).
AFFIRMED.
COBB and ANTOON, JJ., concur.
NOTES
[1] Trinity received sums for the partial taking as well as severance damages. This appeal involves only the denial of business damages.