WOLF, Judge.
Appellant, the lessee of an out parcel of certain described property near the intersection of Capital Circle and Thomasville Road in Leon County, sought compensation in this partial condemnation proceeding for what it referred to as “trade fixtures, tenant improvements, or other equipment” contained within its restaurant situated on the portion of the leasehold not taken by appellee, the Florida Department of Transportation. We reverse the trial court’s entry of partial summary final judgment in favor of appellee as to this claim for compensation. From this record, it is apparent that there existed a factual dispute as to whether the equipment was affixed to the realty in such a way that it constituted fixtures for which severance compensation could be paid, thus precluding summary judgment as a matter of law.
Appellant leased the out parcel which was the subject of this partial condemnation proceeding from Lakeshore Village under a recorded five-year renewable lease. Through the exercise of its power of eminent domain, appellee obtained title to a ten-foot strip of land on the northern portion of that out parcel for use in the construction of the Capital Cirele/Thomasville Road flyover. At the time of the condemnation, appellant had been leasing the premises for less than five years.
Although appellant’s restaurant was not physically located on the condemned strip of land, it was closed following the condemnation because the taking eliminated appellant’s ability to have a drive-through operation on the remaining portion of its leasehold. Appellant sought severance damage compensation for “trade fixtures, tenant improvements, or other equipment” contained within the restaurant.[1]
The Department filed a motion for partial final summary judgment alleging that there was no genuine issue of material fact regarding whether appellant’s restaurant was located on the condemned strip of land; therefore, appellant, a lessee, was not entitled to compensation for the equipment as a matter of law. Appellant responded by arguing that the equipment constitutes “trade fixtures” for which severance compensation should be paid. Neither party specifically described the equipment for which compensation was being sought in their pleadings or affidavits.
The trial court entered partial final summary judgment in the Department’s favor as to appellant’s claim for compensation for the *537 “equipment” within the restaurant located on the remainder of the leasehold not taken in the condemnation. The trial court also contemporaneously entered a stipulated final judgment awarding severance damages in a specified sum to the owner of the leasehold and to appellant, but excepting from that award the “equipment damages” claimed by appellant which were the subject of the separate partial final summary judgment.
Severance damages are compensation for the reduction in value to the portion of the property not taken in a partial condemnation proceeding. See § 73.071(3)(b), Fla. Stat. (1995); Kendry v. Div. of Admin., Dep’t of Transportation, 366 So.2d 391, 393 (Fla.1978); Mulkey v. Div. of Admin., Dep’t of Transportation, 448 So.2d 1062, 1065 (Fla. 2d DCA 1984). Such damages are recoverable by a lessee in a partial condemnation proceeding and are measured by the loss in value to the portion of the leasehold not taken, including all fixtures attached to that portion of the property. See 2 Julius L. Sackman, Nichols on Eminent Domain, § 5.03(5)(c) (Rev.3d ed.1997); Mulkey, 448 So.2d at 1064 n. 1 & 1065. Appellant’s claim that the equipment constituted “trade fixtures” therefore created a material factual dispute that precluded the entry of partial summary final judgment on appellant’s compensation claim for the loss in value to that equipment resulting from the condemnation. See Sweeting v. Hammons, 521 So.2d 226, 228 (Fla. 3d DCA 1988)(whether property annexed to realty constitutes “trade fixture” is question of fact, or mixed question of law and fact).[2]
In determining on remand whether the equipment constitutes “trade fixtures” for which appellant can obtain compensation, the factors to be considered are (1) whether the equipment is actually annexed to the realty or something appurtenant to it; (2) the appropriateness to the use or purpose of that part of the realty to which it is connected; and (3) whether it was appellant’s intent that the annexed equipment become a permanent attachment to the realty. Commercial Finance Co. v. Brooksville Hotel Co., 98 Fla. 410, 123 So. 814, 816 (1929); Sweeting, 521 So.2d at 228; Dependable Air Conditioning & Appliances, Inc. v. Office of Treasurer & Insurance Commissioner, 400 So.2d 117, 119 (Fla. 4th DCA 1981). Appellant’s intent in annexing the equipment to the realty should be inferred from the following facts: (a) the nature of the article annexed; (b) the relation of appellant, the party making the annexation, to the realty; (c) the structure and mode of annexation; and (d) the purpose or use for which annexation has been made. Commercial Finance, 123 So. at 816; Sweeting, 521 So.2d at 228.
REVERSED and REMANDED with instructions.
BOOTH and VAN NORTWICK, JJ., concur.

. Appellant was not entitled to statutory business damages because it had been in business at that location for less than five years. See § 73.071(3)(b), Fla. Stat. (1995).

. While appellant refers us to cases where removal or relocation damages were at issue, we note that these elements of damages do not constitute severance damages where the equipment is not located on the property which is taken. A lessee whose leasehold is the subject of condemnation proceedings may only obtain compensation for the removal or relocation of personal property from the leasehold if only a portion of the leasehold is taken by the condemning authority, the personal property removed was located on the portion of the land condemned, and the personal property was relocated to the remainder of the leasehold and not removed to another location or sold. See Florida Dep ’t of Transportation v. Sun Island Boats, Inc., 510 So.2d 603, 604-05 (Fla. 3d DCA), rev. denied, 518 So.2d 1278 (Fla.1987); State Road Dep’t of Florida v. Myers, 211 So.2d 33 (Fla. 1st DCA 1968); State Road Dep't of Florida v. Thibaut, 190 So.2d 53, 55 (Fla. 4th DCA 1966), cert. denied, 196 So.2d 922 (Fla.1967).